## William B. Prouty, Defendant in Error, v. Julian Armstrong, Plaintiff in Error.

### Gen. No. 21,742.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Order reversed and cause remanded. Opinion filed March 8, 1917.

### Statement of the Case.

Action by William B. Prouty, plaintiff, against Julian Armstrong, defendant, in which judgment for $190 was taken by confession under power of attorney contained in a lease. From a denial of a motion by defendant to open up the judgment and for leave to plead, defendant brings error.

The lease contained the stipulation: "Lease is drawn subject to the attached further agreement signed by both parties to this lease. The lease is made subject to the following:" followed by eleven items of improvements to be made by the lessor by a certain date. The defendant set up in his motion that the improvements referred to were not completed until two months after the specified date, that the premises were not ready for occupancy until the end of said two months, and that the defendant was damaged as a result of such failure of the plaintiff to comply with his covenants to the amount of $243.

EASTMAN & WHITE, for plaintiff in error; RALPH R. HAWXHURST, of counsel.

FRANK N. REED, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1.  JUDGMENT, § 72*—*what should be considered as a defense on motion to open up judgment by confession.* . On a motion to open up a judgment by confession for rent on a lease and for leave to plead, the court should consider like any other defense an allegation of damages on account of the plaintiff's failure to keep certain covenants on his part in the lease set up by the defendant as a matter of recoupment only.

2.  JUDGMENT, § 56*—*when judgment by confession should be opened up.* A defendant to a judgment by confession taken under a power of attorney contained in a written lease should be permitted to open up the judgment where he presents an affidavit showing that by reason of the plaintiff's failure to comply on his part with the lease the defendant is entitled not merely to defeat the action but to recover a judgment against the plaintiff.

3.  JUDGMENT, § 88*—*when writ of error lies to review overruling of motion to open up judgment by confession.* Where a cognovit waives all errors in a judgment taken by confession, a writ of error will not lie to review the judgment itself, but where timely motion is made to set it aside, such writ will lie to review the overruling of such motion.